FILED

14 OCT 24 PM 2:47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KARLA MARTHA GALLEGOS SALAZAR, individually and d/b/a NUEVO PUERTO NUEVO MEXICAN RESTAURANT, <br><br> Defendant. | CASE NO. 13-CV-2103-BEN (JMA) <br><br> **ORDER DENYING MOTION TO VACATE DISMISSAL AND REINSTATE CASE** <br><br> [Docket No. 10] |

Before this Court is a Motion to Vacate Dismissal and Reinstate Case (Docket No. 10), filed by Plaintiff J & J Sports Productions, Inc. On November 27, 2013, Plaintiff requested the Clerk enter default against Defendant. (Docket No. 5). On November 29, 2013, the Clerk entered the requested default against Defendant. (Docket No. 6). After approximately five months of inactivity, the Court issued a notice of hearing for failure to move for default judgment pursuant to Civil Local Rule 55.1. (Docket No. 5). On May 5, 2014, the Court held the hearing, but neither Party made an appearance. Finally, on September 4, 2014, this Court dismissed the case without prejudice pursuant to Rule 55.1. (Docket No. 9).

On September 11, 2014, Plaintiff filed the instant Motion asking this Court to vacate the dismissal on the grounds of excusable neglect. Plaintiff's counsel asserts

that he made an administrative error and mistakenly calendared the need to file a motion for default judgment on the wrong date. (Mot. at 4). Plaintiff also asks this Court to reinstate the case because the statute of limitations for Plaintiff's claims has run, and thus, the dismissal acts as a dismissal with prejudice. (Mot. at 5). Defendant has made no appearance in this action since being served on October 2, 2013. For the reasons stated below, the Motion to Vacate Dismissal is **DENIED**.

A district court is empowered to relieve a party from a final judgment, order, or proceeding resulting from "excusable neglect." Fed. R. Civ. P. 60(b)(1). Excusable neglect "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). In applying the *Pioneer* analysis, a court is to consider "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge*, 587 F.3d at 1192.

Upon analysis of all of the relevant circumstances, the Court concludes that vacating the dismissal is not appropriate in this case. Plaintiff argues that Defendant suffers no real prejudice, the nine month delay is within the time frame allotted by Rule 60(b)(1), the delay was due to an administrative oversight, and Plaintiff acts in good faith. (Mot. at 3-5). This Court disagrees.

While Plaintiff may not have acted in bad faith, Defendant will suffer prejudice from the extended delay. "Statutes of limitation have as one purpose allowing a defendant relief from being forced to litigate stale claims. Setting aside a judgment dismissing a claim that is past the statute of limitations for failure to prosecute the claim takes this protection from the defendant." *Sayago v. Jiminez*,

03:09-CV-01295-HU, 2011 WL 5914279, *5 (D. Or. Nov. 3, 2011) *report and recommendation adopted*, No. CV 09-1295-HU, 2011 WL 5914266 (D. Or. Nov. 23, 2011). Further, Plaintiff fails to recognize that the impact of reinstatement is severe, as Plaintiff's intention is to seek a default judgment against Defendant. Thus, the prejudice factor weighs in favor of denying Plaintiff's Motion.

The nine-month length of delay caused by Plaintiff's neglect amounts to a subpar excuse at best. Plaintiff made two errors. The first was failing to file a motion for default judgment within thirty days of the Clerk's entry of default. Plaintiff failed to file any motion at all. The second was failing to appear at the May 5, 2013 hearing in order to show cause why the case should not be dismissed. Plaintiff's counsel states the reason he failed to file a motion for default judgment is because he miscalendared the task. However, Plaintiff completely fails to give any reason for why it did not make an appearance at the May 5 hearing.

Plaintiff's counsel's calendaring error does not explain why this Court's notice and scheduling of a hearing did not alert Plaintiff to its inactivity. Such neglect over a nine month period does not explain an attorney's failure to comply with federal and local rules. This miscalendering excuse is insufficient. Plaintiff does not even attempt to assert on which date he scheduled the task. Even if the date to file the motion for default judgment was reasonably miscalendared, this mistake still does not account for Plaintiff's failure to appear at the May 5 hearing. *See Nastrom v. JPMorgan Chase Bank, N.A.*, No. 1:11-cv-01998-SAB, 2013 WL 245734, at *4 (E.D. Cal. Jan. 22, 2013) (finding inexcusable neglect where plaintiffs failed to explain why they missed a status conference when they received electronic notification of the hearing). Plaintiff has not presented a sufficient reason for failing to take any action for the prior nine months.

Although this Court recognizes that Plaintiff filed the instant Motion within one week of the Court's dismissal, this Court remains perplexed by the lack of reasoning and argument provided to support the nine months of inaction in this case. Plaintiff's neglect is not excusable, and therefore does not merit relief under Rule 60(b)(1).

Further, the fact that the statute of limitations has run does not suddenly necessitate reinstatement of this case, nor does it make up for Plaintiff's neglect. For the foregoing reasons, Plaintiff's Motion to Vacate Dismissal is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 2?, 2014

HON. ROGER T. BENITEZ
United States District Judge